UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MICHAEL N. PHAN,**

    Plaintiff,

vs.                                         Case No.: **3:14-cv-84-J-25 JBT**

**CONVERGENT OUTSOURCING, INC.,** et al,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Convergent Outsourcing Inc.'s Motion to Dismiss Case With Prejudice and to Impose Additional Sanctions for Fraud, Perjury, Fabrication of Evidence and/or Bad Faith (Dkt. 79). The Court held an evidentiary hearing on the motion on March 17, 2015.

**Background**

This is a Telephone Consumer Protection Act (TCPA) case; Defendant is a debt collector.[1] *Pro se* Plaintiff alleges in his Amended Complaint (Complaint)

---

[1] Plaintiff is no stranger to this court. According to Defendant, he has filed more than 25 cases in the last few years and this Court previously noted that at one point, Plaintiff had filed ten *in forma pauperis* cases in thirteen months. 3:08-cv-990-J-25JRK, Dkt. 6, page 2, n. 1. The Court also previously noted that during this time period, Plaintiff evidently purchased a new car and his vehicle expenses rose dramatically, to $1,357 monthly.

Of note, Defendant's counsel has asserted that Plaintiff has recently filed other TCPA cases in this court that contain fabricated allegations. Counsel maintained that in a case involving a different defendant, Plaintiff alleged over 37 calls were made to his cellular telephone but the defendant's records demonstrate that it placed no calls to the relevant number. In another case, Plaintiff and his wife alleged that a different debt collector placed calls to another cell phone they owned but that

(Dkt.32) that Defendant called his cellular telephone (cell phone) twenty-seven times in March of 2010 in an attempt to collect on one of his wife's accounts. He further alleges that these calls violated 47 U.S.C. Section 227 because they were initiated by an automatic dialer and were made without prior express consent.

In his Complaint and in several of his pleadings, Plaintiff maintains he took a "screen shot" or a "live screen shot" of his cell phone to memorialize each call and then used the screen shots to produce a call log for record keeping.[2] Plaintiff attached a sample of the screen shots and the call log to his Complaint.

On March 12, 2014, Defendant filed a Motion to Deem Plaintiff a Vexatious Litigant and for Order to Post Bond (Dkt.18). In the motion, Defendant argued that Plaintiff's allegations were meritless; Defendant did not place *any* calls to Plaintiff's cell phone at *any* point in time. Moreover, Defendant maintained it was not attempting to collect on the relevant account during the time frame alleged in the Complaint. On May 27, 2014, this Court held a hearing on the motion. At the hearing and in an affidavit filed prior to the hearing, Plaintiff insisted that the

---

defendant's records also showed that there were no calls placed to the relevant number. Of course, the Court does not make any findings regarding the other cases.

[2] Plaintiff's Amended Complaint alleges, *inter alia*, the following:

> Each incoming call that Plaintiff received from Convergent, he took a screenshot for that call. A true and accurate copy of the screenshot is attached as Exhibit H. Using the screenshot, Plaintiff documented each and every call using Microsoft Words (sic) for which he created a call log for record keeping.

Dkt. 32 at ¶¶ 33 & 34.

2

Complaint's allegations were accurate and supported by evidence.

Given the fact that discovery was ongoing, the Court entered an Order denying the motion. The Order noted that Plaintiff denied Defendant's contention that the case against it was fabricated and stated it would take Plaintiff at his word that his case had merit at that point in the proceeding.[3] [4]

---

[3] During the hearing, the following exchange occurred:

MR. PHAN: Your Honor, at -- regarding to the facts that Mr. McHale raised in this instant matter, the plaintiff's amended complaint clearly state a claim.
THE COURT: What about the original complaint?
MR. PHAN: The original complaint --
THE COURT: Did you make misleading allegations or --
MR. PHAN: No, Your Honor.
THE COURT: -- improper or wrong allegations in that amended -- in that original complaint?
MR. PHAN: Your Honor, no. The original complaint state enough fact present to the Court, but the amended complaint had evidence support the facts.
THE COURT: Well, let me -- let me – let's be clear. You do know if you're fabricating facts and putting them in the complaint, it's a criminal offense. You know that, don't you?
MR. PHAN: Yes, Your Honor.
THE COURT: And you're telling me you aren't doing that; is that right?
MR. PHAN: No, Your Honor, absolutely not.
THE COURT: And you're prepared, if this case goes to trial, to actually prove these allegations that you made in these complaints.
MR. PHAN: Yes, Your Honor. I'm prepared to prove the element of the TCPA –
THE COURT: Well, are you prepared to prove what you're charging in these complaints you're filing?
MR. PHAN: Yes, Your Honor.
  Dkt. 71, pages 14 – 15.

[4] At the hearing, Defendant's counsel also stated that based on his personal communications with Plaintiff, it appeared that he had forwarded certain calls from one of his telephone numbers to another, possibly to create a cause of action under the TCPA; the TCPA only applies to cellular telephones. Evidently, the relevant calls were received on Plaintiff's landline and then forwarded to his cellular telephone. This observation is interesting, but the Court does not make any factual findings regarding this issue.

The instant motion essentially reiterates Defendant's position that Plaintiff's Complaint contains allegations that have been proven false. The motion is supported not only by ample evidence demonstrating it *never* called Plaintiff's cell phone, it is also supported with evidence that Plaintiff committed perjury and fabricated evidence in this case.

Regarding the disputed evidence, Defendant specifically points to the previously mentioned screen shots and the log generated from them as well as Plaintiff's pleadings and statements at the May 2014 hearing. As to the screenshots, Defense counsel questioned Plaintiff about them during his November 2014 deposition:

> Q. Okay. Exhibit H to the amended complaint, again, is copies of screenshots. And my question to you is, when did you receive or create this document?
> A. Sometime in April 2014.
> Q. And if Exhibit H is a screenshot of each incoming call that plaintiff received from Convergent, why is -- why does not the 1-800 number appear in those records?
> A. I do not know.
> Q. At this time, again, I'd like to refer your attention to Exhibit H to the amended complaint, which is Exhibit No. 5 to this deposition. And with respect to Exhibit H, when was Exhibit H created?
> A. I already answered that question.
> Q. And you're refusing to answer it again?
> A. I believe I say that it was April 2014.
> Q. So you didn't create Exhibit H in 2010?
> A. I did not create this document. It was received during discovery, April 2014.
> Q. When you say Exhibit H was received during discovery, what do you mean?

> A. It was obtained from a third party.
> Q. What third party did you obtain Exhibit H from?
> A. From a software company that I do not recall. It's from the Internet. This document -- I did not create this document.
> Q. What software company created Exhibit H to the amended complaint for you?
> A. I do not recall. It was a free – it's available online.

Dkt. 79-10 (ex. J) at pages 45 – 6, 53 – 4 and 64 – 6 (emphasis added).

As Defendant points out, Plaintiff has referred to the screen shots and/or call log he produced using the screen shots to support his allegations throughout this proceeding. These pleadings include Plaintiff's sworn affidavit filed in support of his response to the Motion to Declare Plaintiff a Vexatious Litigant (Dkt. 20), his original Motion for Partial Summary Judgment (Dkt. 66), his second Motion for Partial Summary Judgment (Dkt. 69) and as recently as March 24, 2015, in his response to the motion presently before the Court.[5]

At the hearing on the instant motion, Defendant noted that not one of the allegedly unlawful calls appeared on the relevant AT&T telephone records which Plaintiff received prior to his deposition but produced only after his deposition was complete.[6] In response,

---

[5] In Plaintiff's latest post-hearing filing, he continues to insist Defendant made the calls in question, despite the evidence to the contrary. Dkt. 98, filed March 24, 2015. In this pleading, he continues to refer to his "live screen shots" despite previously admitting in his sworn deposition that the "live screen shots" were created by an unidentified internet company *years* after Defendant allegedly called him. *Id.* at p. 4.

[6] Evidently, Plaintiff requested the records from AT&T during discovery but then withdrew his request. He eventually re-submitted the request and received the records prior to his deposition. As noted, Plaintiff did not produce the records until after the close of discovery and after his deposition was taken. At Plaintiff's deposition, he testified as follows:

Plaintiff represented to the court that the phone records did not show any of the unlawful telephone calls because they were less than a minute in duration.[7] According to Plaintiff's representations in court and in his response to the motion, his 2010 cell phone plan did not log these brief calls per AT&T policy. Plaintiff also maintained that his phone bill does not list the calls at issue because AT&T does not keep a record of "unknown or blocked" calls.

Plaintiff did not produce any evidence to back up these assertions and Defendant rebutted Plaintiff's statements by pointing out multiple calls logged on Plaintiff's itemized bill that were less than a minute and in many cases zero seconds in duration. The phone bill clearly demonstrates that Plaintiff's oral and written representations to the Court were false.

At the hearing, Plaintiff also denied the assertion that he fabricated the screen

---

> Q. At any time, did you request your cell phone records from AT&T, relative to the time period of March 9th, 2010, to March 26th, 2010?
> A. Yes.
> Q. When did you subpoena your AT&T cell phone records for time period March 9th, 2010, through March 26th, 2010?
> A. The first time, it was in March of 2014, and I withdraw that request. The second time, it was in September of 2014.
> Q. And do you know the date upon which you received a response to your subpoena from AT&T?
> A. I do not recall specifically, but it was provide sometime after October 2014.

Dkt. 79-10 at pages 33-35.

[7] In Plaintiff's written response to the motion, he asserted the cut off duration was 30 seconds.

6

shots or caused them to be fabricated. Of course, Defendant pointed to Plaintiff's deposition testimony on this issue; when pressed, Plaintiff testified that he had the screen shots created by an undisclosed internet company *years* after he received the calls. The term screen shot refers to the act of copying what is currently displayed on an electronic screen. Implicit in Plaintiff's use of this term is the understanding that he took the screen shots when he received alleged calls. Thus, Defendant argues that Plaintiff has committed perjury, fabricated facts and evidence and misled this Court. In its motion, Defendant maintains:

> This is <u>not</u> a case where Plaintiff was mistaken about the number of calls that he received from Defendant or the dates when he received calls from Defendant. This is <u>not</u> a case where a plaintiff is mistaken regarding the numbers of calls that were received. This is <u>not</u> a case where Plaintiff was mistaken as to the identity of the entity calling him... This is a case in which Plaintiff—after being cautioned by a federal judge—decided to manufacture evidence to support the fraudulent allegation that he received twenty-seven (27) calls from [Defendant] Convergent in violation of the TCPA. (emphasis in original)

**Standard**

Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable

7

argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)(internal citation omitted).

Further, 28 U.S.C. Section 1927 provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies* the proceedings in any case *unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct" (emphasis added). It is unclear whether Section 1927 may be applied to a non-lawyer. *Feingold v. Graff*, 516 Fed. Appx. 223, 229 n.9 (3rd Cir.2013)(unpublished)(internal citation omitted).

Regardless, the Court has the inherent authority to sanction litigants. However, "[i]nvocation of a court's inherent power requires a finding of bad faith." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir.1995).

**Analysis**

As a threshold issue, the Court notes that both sides agree this case should be dismissed; the only issue before the Court is whether Plaintiff should pay sanctions for his deceptive acts in this litigation.

First, Plaintiff's allegation in his Complaint that Defendant placed 27 calls to his cellular phone in violation of the TCPA between March 9, 2010 and March 26, 2010 is false. Plaintiff not only strains the Court's limited resources, but also forced Defendant to incur significant expenses in responding to the Complaint as well as Plaintiff's other

8

improper filings in this case.

Further, Plaintiff's AT&T cell phone records demonstrate that Defendant did not place *a single call* to the relevant phone number. Plaintiff has made false statements and/or committed perjury in a sworn affidavit, at his deposition, and before the Court at both his May 2014 and March 2015 hearing.

Defendant's most egregious charge is that Plaintiff manufactured evidence, namely the screen shots and log produced from them, to support his allegations. The Court finds that Plaintiff did indeed fabricate this evidence.

This Court would ordinarily avoid sanctioning a *pro se* litigant and has taken Plaintiff's unrepresented status into account, affording him every possible benefit of the doubt. However, the Court has no problem in this case making a finding of bad faith, that Plaintiff brought this case for an improper purpose and vexatiously multiplied the proceedings.

Simply put, Plaintiff did not simply misconstrue the law; he essentially committed fraud upon the Court and sanctions under the Court's inherent authority are clearly approproriate. In addition, this Court refers this matter to the United States Attorney for the Middle District of Florida for whatever action is deemed appropriate, including possible prosecution if warranted. Accordingly, it is **ORDERED**:

Defendant Convergent Outsourcing Inc.'s Motion to Dismiss Case With Prejudice and to Impose Additional Sanctions for Fraud, Perjury, Fabrication of Evidence and/or Bad Faith (Dkt. 79) is **GRANTED**. This case is **dismissed with**

**prejudice** and the clerk is directed to close it; the Court retains jurisdiction for the purpose of imposing sanctions. Defendant's counsel is directed to file an accounting on or before **April 27, 2015** itemizing his reasonable and necessary attorneys fees and costs incurred in defending this case. Counsel must also support his claimed hourly rate. Plaintiff shall have until **May 19, 2015** to respond to the itemization if he chooses.

**DONE AND ORDERED** this 27 day of March 2015.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
*Pro Se* Plaintiff
Counsel of Record
United States Attorney for the Middle District of Florida
Julie Hackenberry, Chief Assistant United States Attorney, Jacksonville Division